<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MINARDI CONSULTING, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DARIAN ALAN ANDERSON, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00071 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court are Plaintiff Minardi Consulting, Inc. ("Minardi Consulting") and Third-Party Defendant Rocco Minardi's ("Minardi") (collectively, the "Minardi Parties") Motion to Dismiss and Motion to Remand. (ECF No. 9.) Defendants Darian Alan Anderson ("Anderson"), RedHot, LLC, ("RedHot"), and Third-Party Plaintiff NebulOS, LLC ("NebulOS") (collectively, the "Anderson Parties") filed an opposition to the motions (ECF No. 15), and the Minardi Parties filed a reply (ECF No. 16). Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Minardi Parties' Motion to Remand is **GRANTED**, and Motion to Dismiss is **DENIED AS MOOT**.

**I. BACKGROUND**

  This action arises out of the Minardi Parties' attempt to enforce obligations of RedHot and Anderson on the several Notes and Guarantees executed in favor of the Minardi Parties to finance Anderson's new business venture, RedHot. (Compl. (ECF No. 1) ¶¶ 5, 7.) Minardi Consulting, a New Jersey corporation, provides consulting services in the enterprise resource planning software

market. (*Id.* ¶¶ 1, 6.) Minardi, a resident of New Jersey, is the sole principal of Minardi Consulting. (Countercl. (ECF No. 4) ¶ 3; Defs.' Letter Br. (ECF No. 6) at 1.) Anderson is a Colorado citizen and RedHot is a Colorado limited liability company. (ECF No. 1 ¶¶ 2, 3.) RedHot is comprised of several members, including Anderson, Performance Resources, LLC, and Minardi.[1] (ECF No. 6 at 1.) Anderson founded RedHot and approached the Minardi Parties for funding, to which Minardi Consulting and RedHot agreed to a series of promissory notes (the "Notes"), Minardi and RedHot agreed to a bridge note (the "Bridge Note"), and Anderson agreed to guaranty the Notes executed in favor of the Minardi Parties (the "Guarantees"). (ECF No. 1 ¶¶ 5, 6, 7, 11.)

From March 2016 to May 2018, RedHot executed five Notes to Minardi Consulting and one Bridge Note to Minardi in exchange for financing to grow RedHot's business. (*Id.* ¶¶ 6, 7.) During the same period, Anderson executed five agreements to guaranty the obligations of RedHot—four in favor of Minardi Consulting and one in favor of Minardi. (*Id.* ¶ 11.) The Notes and Bridge Note all matured and were due by September 7, 2019. (*Id.* ¶ 14.) On January 15, 2021, Anderson paid Minardi Consulting $1.325 million. (*Id.* ¶ 15.) However, as of September 30, 2021, further obligations on the Notes and Bridge Note were still outstanding, totaling more than $5.4 million in principal and unpaid interest. (*Id.* ¶¶ 5, 14–16.)

In addition to the Notes, Anderson issued Minardi membership units in RedHot for an equity stake in the venture. (ECF No. 4 ¶ 7.) In June 2018, Anderson formed a new company, NebulOS. (*Id.* ¶ 31.) To pay the outstanding debt on the loans issued to RedHot, Anderson issued Minardi 25% interest in the NebulOS venture. (*Id.* ¶¶ 35, 40.) Anderson "offered to pay an

---

[1] RedHot was dissolved in June 2018. (ECF No. 6 at 1–2.) At the time of dissolution, Anderson owned a 60% interest in RedHot, Minardi owned a 30% interest in RedHot, and Performance Resources LLC owned a 10% interest in RedHot. (*Id.* at 2.) Performance Resources LLC is a Virginia-based limited liability company and its sole principal is a resident of Virginia. (*Id.* at 1.)

additional $500,000 against the remaining principal, with the balance to be paid from future NebulOS revenues as secured by Minardi['s] 25% interest in NebulOS." (*Id*. ¶ 40.)

On October 27, 2021, Minardi Consulting filed a collection action in New Jersey state court against Anderson and RedHot, alleging six breach of contract claims for the outstanding obligations owed on the Notes, Bridge Note, and Guarantees. (ECF No. 1 ¶¶ 5, 18–63.) On January 6, 2022, Anderson and RedHot removed the matter on the basis of diversity jurisdiction. (ECF No. 1.) On February 16, 2022, Anderson and RedHot answered the complaint and filed a third-party complaint with counterclaims against the Minardi Parties. (ECF No. 4.) In correspondence to the Court, the Minardi Parties sought leave to file a motion to remand for lack of complete diversity. (ECF No. 5.) On February 24, 2022, the Court issued a letter order directing the Anderson Parties to set forth the citizenship of RedHot's members. (*Id*.) The Court held the Minardi Parties' request for leave to move for remand in abeyance pending submission and consideration of a letter by the Anderson Parties outlining a basis for diversity jurisdiction. (*Id*.) On March 4, 2022, the Anderson Parties submitted a letter confirming Anderson owned a 60% interest in RedHot, Minardi owned a 30% interest in RedHot, and Performance Resources LLC owned a 10% interest in RedHot. (*Id*. at 2.)

On March 23, 2022, the Minardi Parties filed a motion to dismiss and renewed their motion to remand for lack of complete diversity. (*Id*.) (ECF No. 9.) On May 5, 2022, the Anderson Parties filed an opposition to the motions (ECF No. 15), and on May 9, 2022, the Minardi Parties filed their reply (ECF No. 16).

**II.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A federal court has

original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. However, an "action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Stated differently, this rule, known as the "forum defendant rule," precludes removal based on diversity where a defendant is a citizen of the state in which the plaintiff originally filed the case. *See Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426, 433 (D.N.J. 2014) (holding removal by non-forum defendants was improper because of the presence of three forum defendants).

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal

statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id*. at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

With respect to diversity of citizenship, complete diversity among opposing parties is required for a federal court to retain jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III. Decision

In seeking remand, the Minardi Parties argue the Court lacks subject matter jurisdiction because Minardi, a minority member of RedHot, is a citizen of New Jersey, and therefore does not satisfy the complete diversity requirement. (ECF No. 9 at 9.) The Anderson Parties argue Minardi's membership interest in RedHot does not defeat diversity jurisdiction because RedHot, a financially defunct entity, is a nominal party to this action, and therefore should not be considered in assessing complete diversity. (ECF No. 15 at 27–28.)

"It is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted); *New Jersey ex rel. McDonald v. Copperthwaite*, Civ. A. No. 13-05559, 2014 U.S. Dist. LEXIS 72414, at *13 (D.N.J. May 28, 2014). Diversity jurisdiction exists "over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states." *Hayden Asset VI, LLC v. Silvio Desouza, LLC*, Civ. A. No. 13-3915, 2014 U.S. Dist. LEXIS 38542, at *5 (D.N.J. Feb. 24, 2014) (citing 28 U.S.C. § 1332(a)(1)). "An action can be removed on the basis of diversity jurisdiction only 'if there is a complete diversity between all named plaintiffs and defendants, and

no defendant is a citizen of the forum State.'" *Id*. (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).

For limited liability companies, citizenship is determined through the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship." *Pharma Tech. v. Stevens Pharm. Equip. Indus., LLC*, Civ. A. No. 13-2910, 2013 U.S. Dist. LEXIS 67433, at *2 (D.N.J. May 13, 2013) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Stanton v. Greenstar Recycled Holdings, L.L.C.*, Civ. A. No. 10-5658, 2011 U.S. Dist. LEXIS 162473, at *2 (D.N.J. Dec. 29, 2011); *Fifth Third Bank v. Flatrock 3, LLC*, Civ. A. No. 09-06051, 2010 U.S. Dist. LEXIS 73589, at *8 (D.N.J. July 21, 2010). A limited liability company with multiple members may therefore be a citizen of multiple states. *See In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017). In asserting diversity jurisdiction, a party "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Gay v. Unipack, Inc.*, Civ. A. No. 10-6221, 2011 U.S. Dist. LEXIS 121800, at *10 (D.N.J. Oct. 20, 2011) (citation omitted); *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012). The removing party bears the burden of demonstrating the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Further, in assessing the citizenship of the parties for the purposes of establishing diversity, the Supreme Court explained "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citation omitted); *see also Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013). Therefore, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (quoting *Navarro*, 446 U.S. at 461); *see also Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018). To that end, the Third Circuit has defined "nominal parties" as "those without a real interest in the litigation." *Id.; see also Johnson*, 724 F.3d at 359 (finding a defendant with "no actual interest in the outcome of the litigation" is a nominal party); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (observing courts have found "a party who is neither necessary nor indispensable to join in the action" is a nominal party) (citation and internal quotation marks omitted). "By contrast, a party who will be liable on an adverse judgment is not a nominal party." *Glastein v. CareFirst Blue Cross Blue Shield*, Civ. A. No. 18-9664, 2019 U.S. Dist. LEXIS 52746, at *4 (D.N.J. Mar. 28, 2019).

Minardi Consulting is incorporated in New Jersey, and therefore a citizen of New Jersey. RedHot is a limited liability company comprised of three members, one of whom is Minardi—a New Jersey citizen. Because New Jersey citizenship overlaps both sides of this litigation, complete diversity does not exist, and diversity jurisdiction fails to serve as a basis for subject matter jurisdiction.[2] The Anderson Parties' argument RedHot is a "nominal party" and its citizenship

---

[2] Further, because there is no dispute a member of RedHot is a citizen of New Jersey, the "forum defendant rule" is also implicated and requires the Court to remand because removal was improper. *See Williams*, 13 F. Supp. 3d at 433 (remanding to state court where three defendants were New Jersey citizens); *King v. McEntee*, Civ. A. No. 16-7479, 2016 U.S. Dist. LEXIS 163947, at *4–5

should not be considered for the purposes of determining diversity jurisdiction is unavailing. RedHot is essential to the core of this litigation. Indeed, the subject matter of this action concerns Notes executed by RedHot in favor of Minardi Consulting. This action was initiated by Minardi Consulting to enforce the Notes. *See Glastein*, 2019 U.S. Dist. LEXIS 52746, at *10 (explaining a defendant "unconnected to the wrongdoing alleged in the [c]omplaint" is a nominal party) (citing *Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996). RedHot has a real interest in the outcome of this case because, should Minardi Consulting prevail, RedHot would be liable for the outstanding balance on the Notes. *See Am. Asset Fin.*, 821 F. Supp. 2d at 700 (finding a party is nominal where "there is no reasonable basis for predicting that it will be held liable"); *Bumberger*, 952 F.2d at 767 (explaining a "nominal party" is one that lacks "a real interest in the litigation"). Because RedHot is a real and substantial party to this controversy and the opposing parties share New Jersey citizenship, complete diversity has not been satisfied, and therefore the Court lacks subject matter jurisdiction. Accordingly, the Minardi Parties' Motion to Remand is **GRANTED.**

**IV.    CONCLUSION**

For the reasons set forth above, the Minardi Parties' Motion to Remand (ECF No. 9) is **GRANTED**; and the Motion to Dismiss is **DENIED AS MOOT**.

>   */s/ Brian R. Martinotti*
>   **HON. BRIAN R. MARTINOTTI**
>   **UNITED STATES DISTRICT JUDGE**

Date: August 3, 2022

---

(D.N.J. Nov. 28, 2016) (remanding to state court where the defendant did not dispute he is a forum defendant).